SNELL & WILMER L.L.P.
Patrick W. Kelly, Bar No. 274588
pkelly@swlaw.com
350 South Grand Avenue
Suite 3100
City National 2CAL
Los Angeles, California 90071
Telephone: 213.929.2500
Facsimile: 213.929.2525

Attorney for Plaintiff
Cache Valley Bank

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CACHE VALLEY BANK, a Utah corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PACIFIC PEAK INVESTMENT REAL ESTATE GROUP, INC., a California corporation; HYTHUM KISWANI, an individual,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-1876<br><br>**Plaintiff Cache Valley Bank's Complaint for:**<br><br>**(1) Breach of Contract**<br><br>**(2) Breach of the Implied Covenant of Good Faith and Fair Dealing**<br><br>**(3) Conversion; and**<br><br>**(4) Unjust Enrichment**<br><br>**Demand for Jury Trial** |

4872-0657-7174

COMPLAINT

Plaintiff Cache Valley Bank hereby files this Complaint against Pacific Peak Investment Real Estate Group, Inc. ("Pacific Peak") and Hythum Kiswani ("Kiswani") (together, "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and because the citizenships of the parties are diverse.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Pacific Peak is located in and does business in Los Angeles County, California, Kiswani resides in Los Angeles County, California, and because a substantial part of the conduct complained of herein occurred in this judicial district.

## PARTIES

3. Cache Valley Bank is a Utah corporation with its principal place of business in Utah.

4. Pacific Peak is a California corporation with its principal place of business in California.

5. Kiswani, a citizen of California, is the principal and owns 100% of Pacific Peak.

6. Cache Valley Bank is informed and believes and on that basis alleges that Pacific Peak and Kiswani failed to respect the separate nature and form of the corporation, failed to comply with corporate formalities, failed to adequately capitalize the corporation, misappropriated and or converted assets of the corporation, and so dominated and controlled the business, operations and affairs of Pacific Peak such that the separate identities between Pacific Peak and Kiswani ceased to exist and Pacific Peak became and was utilized as the alter ego and personal instrumentality of Kiswani.

## GENERAL ALLEGATIONS

7. On or about January 27, 2021, Pacific Peak applied to Cache Valley

Bank for a loan in the amount of $10,000.00 (the "Loan"). A true and correct copy of Pacific Peak's application is attached as Exhibit 1 and fully incorporated herein by this reference.

8. Prior to funding the Loan, Pacific Peak executed a promissory note in favor of Cache Valley Bank. But, by error, this promissory note contained the incorrect amount of $191,130 (the "First Note"). The terms of the Loan were set forth in the First Note. A true and correct copy of the First Note is attached as Exhibit 2 and fully incorporated herein by this reference.

9. In relevant part the First Note provides that the "payment of unauthorized expenses or use of proceeds contrary to PPP Rules is an event of default." (*See id*.)

10. The First Note further provides that Cache Valley Bank has recourse against Kiswani to the extent he "uses the loan proceeds for an unauthorized purpose." (*See id*.)

11. Due to error, the First Note evidenced a loan amount of $191,130.00, which amount exceeds the $10,000.00 applied for by Pacific Peak by $181,130.00.

12. On or about March 11, 2021, Cache Valley Bank funded the loan according to the errant amount displayed on the First Note and disbursed funds to Pacific Peak.

13. Notwithstanding Pacific Peak being aware that its loan request was overfunded by $181,130.00, it did not contact Cache Valley Bank to notify the bank of the error.

14. Recognizing the error, Cache Valley Bank, on or about March 17, 2021, contacted Pacific Peak (through Kiswani) to advise that Pacific Peak had been erroneously disbursed the incorrect amount, and to request immediate return of the excess funds erroneously disbursed to Pacific Peak.

15. Kiswani acknowledged the funds were erroneously disbursed to Pacific Peak, but only returned $105,000.00 to Cache Valley Bank.

16. On or about April 8, 2021, Pacific Peak signed a corrected promissory note (the "Second Note"), containing the same terms as the First Note, but in the correct amount of $10,000. A true and correct copy of the Second Note is attached as Exhibit 3 and fully incorporated herein by this reference. No additional funds were issued to Pacific Peak under the Second Note.

17. Kiswani informed Cache Valley Bank, however, that the excess funds not returned to Cache Valley Bank were spent on real estate entitlements, which is an "unauthorized expense or use of proceeds" under the First and Second Notes. (*See id.*)

18. However, notwithstanding the fact that Pacific Peak had no right to receive or retain any of the excess funds, Kiswani refuses to return the remaining $76,130.00.

19. Defendants therefore continue to improperly possess and retain $76,130.00 in excess funds belonging to Cache Valley Bank.

20. Cache Valley Bank demanded Defendants immediately return to Cache Valley Bank the excess funds that Defendants have improperly retained.

21. Despite demand, Defendants have failed and refused to return to Cache Valley Bank the $76,130.00 in excess funds. Defendants continue to retain funds that Defendants know they do not own or have the right to possess.

22. Defendants' continued retention of and refusal to return the excess funds they do not own or have the right to possess constitutes a breach of the Second Note.

23. Pacific Peak is thus in default under the Loan and Second Note, and Kiswani is personally liable to Cache Valley Bank.

24. The Loan and Second Note contains an implied covenant of good faith and fair dealing.

25. Pacific Peak's continued retention of and refusal to return the excess funds it does not own or have the right to possess constitutes a breach of the

implied covenant of good faith and fair dealing.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

26. Cache Valley Bank realleges and fully incorporates herein all allegations contained in all previous paragraphs as though fully set forth herein.

27. The Loan and Second Note constitute a valid and enforceable contract.

28. Cache Valley Bank has performed under the Loan and Second Note.

29. Defendants have breached the Loan and Second Note by retaining and refusing to return the excess funds erroneously disbursed to Pacific Peak, which funds they do not own or have the right to possess.

30. Defendants have breached the Loan and Second Note by using the excess funds erroneously disbursed to Pacific Peak for an unauthorized purpose.

31. As a result of Defendants' breach of the Loan and Second Note, Cache Valley Bank has been damaged in an amount of at least $76,130.00.

## SECOND CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

32. Cache Valley Bank realleges and fully incorporates herein all allegations contained in all previous paragraphs as though fully set forth herein.

33. The Loan and Second Note constitute a valid and enforceable contract.

34. Cache Valley Bank has performed under the Loan and Second Note.

35. Defendants did not act fairly or in good faith by retaining and refusing to return the excess funds erroneously disbursed, which funds Defendants know they do not own or have the right to possess.

36. As a result of Defendants' conduct, Cache Valley Bank has been damaged in an amount of at least $76,130.00.

## THIRD CLAIM FOR RELIEF

### (Conversion)

37. Cache Valley Bank realleges and fully incorporates herein all

allegations contained in all previous paragraphs as though fully set forth herein.

38. At the time of the erroneous disbursement of funds to Pacific Peak, Cache Valley Bank owned or had the right to possession of those funds.

39. Defendants, with knowledge of Cache Valley Bank's right and ownership interest in the excess funds, intentionally and unlawfully kept possession of the excess funds belonging to Cache Valley Bank.

40. Cache Valley Bank did not consent to Defendants' intentional and unlawful retention of the excess funds.

41. By virtue of Defendants' conversion of the excess funds, Cache Valley Bank has been damaged in an amount of at least $76,130.000.

42. Cache Valley Bank is informed and believes that by converting the excess funds as Defendants did, Defendants demonstrate fraud, oppression, and malice, and the intent to deprive Cache Valley Bank of its funds, thus justifying an award of punitive and exemplary damages in sum according to proof.

### FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

43. Cache Valley Bank realleges and fully incorporates herein all allegations contained in all previous paragraphs as though fully set forth herein.

44. Defendants received the benefit of excess funds erroneously disbursed to it by Cache Valley Bank, and continue to unjustly retain $76,130.00 in excess funds at the expense of Cache Valley Bank.

45. Defendants are not entitled to retain possession of all or any part of the excess funds.

46. Despite Cache Valley Bank's demands for payments of excess funds, Defendants refused to make any payment to Cache Valley Bank.

### PRAYER FOR RELIEF

WHEREFORE, Cache Valley Bank prays for the following relief:

**On the First and Second Claims for Relief:**

1. For general, special, and other damages from Defendants in an amount of at least $76,130.00;

**On the Third Claim for Relief:**

1. For general, special, and other damages from Defendants in an amount of at least $76,130.00;

2. For punitive damages against Defendants pursuant to California Civil Code Section 3294;

**On the Fourth Claim for Relief:**

1. For general, special, and other damages from Defendants in an amount of at least $76,130.00;

**On all Claims for Relief:**

1. For prejudgment interest against Defendants;

2. For imposition of a constructive trust over the $76,130.00 possessed by Defendants;

3. For costs incurred in this action, including without limitation reasonable attorneys' fees; and

4. For such other relief as this Court may deem necessary or appropriate.

Dated: March 22, 2022

SNELL & WILMER L.L.P.

By: /s/ Patrick W. Kelly
Patrick W. Kelly

Attorney for Plaintiff
Cache Valley Bank

## DEMAND FOR JURY TRIAL

Plaintiff Cache Valley Bank hereby demands a trial by jury of all claims triable by jury.

Dated: March 22, 2022

SNELL & WILMER L.L.P.

By: /s/ Patrick W. Kelly
Patrick W. Kelly

Attorney for Plaintiff
Cache Valley Bank